IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALEXANDER CALDERÓN-LÓPEZ,

    **Plaintiff**,

           **v.**

UNITED STATES OF AMERICA,

    **Defendant.**

**Civil No.** 16-1055 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

The defendant United States moves to dismiss plaintiff Alexander Calderón-López ("Calderón")'s malicious prosecution claim pursuant to Federal Rule of Civil of Procedure 12(b)(1) ("Rule 12(b)(1)") and Federal Rule Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (Docket No. 24.) For the reasons set forth below, the United States' motion to dismiss is **DENIED**.

I. **Background**

The Court construes the following facts from the amended complaint "in the light most favorable to the plaintiff" and "resolve[s] any ambiguities" in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011) (discussing the Rule 12(b)(6) standard of review); see Viqueira v. First Bank, 140 F.3d 12, 15 (1st Cir. 1998) (discussing the Rule 12(b)(1) standard of review).

On January 16, 2016, Calderón commenced a civil action against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. sections 1346(b) and 2761 *et seq.* (Docket No. 1.) The allegations asserted in the complaint stem from Calderón's 2012 arrest by Drug Enforcement Administration ("DEA") agents.

Beginning in 2008, Calderón worked as a refrigeration technician in the aviation division for the Port Authority of Puerto Rico ("Port Authority"). (Docket No. 1 at p. 4.) During his time at the Port Authority, the DEA conducted an investigation regarding the transportation of illegal drugs into the United States by Port Authority employees. Id. DEA agents learned that a man known as "Calderón el de los puertos" participated in illegal activity. Id. at p. 6. The physical description for "Calderón el de los puertos" differed from plaintiff Calderón's physical description. Id.

On May 31, 2012, a federal grand jury sitting in the District of Puerto Rico indicted twenty-five individuals for drug trafficking-related offenses. (Docket No. 1 at p. 4.) The indictment charged "Alexander Calderón-López, a/k/a El De Puertos," with two counts of conspiring to possess with the intent to distribute a controlled substance in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. section 1962, (counts one and two), and two counts of possessing

with the intent to distribute five kilograms or more of crack cocaine in violation of 21 U.S.C. section 841(a)(1) and (2) (counts four and ten).  Id.; see Crim. No. 12-434 (CCC), Docket No. 2.[1]  On the same day, the magistrate judge signed a warrant for Calderón's arrest.  (Crim. No. 13-434, Docket No. 5 at p. 5.)

Federal law enforcement officers arrested Calderón on June 6, 2016.  (Docket No. 1 at p. 5.)  After his initial appearance before the magistrate judge, Calderón remained detained at the Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico for five days.  Id.  On June 11, 2012, Calderón entered a plea of not guilty at his arraignment, and the magistrate judge set bail at $50,000 ($40,000 secured and $10,000 unsecured).  (Crim. No. 12-434, Docket No. 79.)  Calderón's parents pledged their property to secure his release.  Id.  The magistrate judge authorized Calderón's release on June 13, 2012, subject to home confinement and electronic monitoring.  (Crim. No. 12-434, Docket No. 95.)  Before his release, Calderón spent a total of seven days at MDC.

Calderón nearly went to trial on five separate occasions, the first four of which the Court vacated.  The Court scheduled the

---

[1] The Court takes judicial notice of the pleadings and judicial orders docketed in Crim. No. 12-434 (CCC). See Rodríguez-Torres v. Gov't Dev. Bank of P.R., 750 F. Supp. 2d 407, 411 (D.P.R. 2010) (Besosa, J.) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.") (internal citation omitted).

fifth and final trial date for February 3, 2014.[2] (Case No. 12-434, Docket Nos. 381, 581, 645 and 679.) Five days before trial, the United States moved to dismiss the indictment against Calderón without prejudice pursuant to Federal Rule of Criminal Procedure 48(a), and in the interests of justice. (Case No. 12-434, Docket No. 747.) The Court granted the United States' motion to dismiss on March 25, 2014, entering judgment of dismissal the same day. (Case No. 12-434, Docket No. 848.) The prosecution against Calderón spanned a total of 20 months.

Calderón commenced this action with the filing of a complaint on January 12, 2016. (Docket No. 1.) Calderón contends that the United States violated his rights pursuant to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, the FTCA, and the Puerto Rico General Torts Statute, Articles 1802 and 1803 of the Civil Code. Laws of P.R. Ann. tit. 31, §§ 5141, 5142. Id. at p. 1. He concludes the complaint by asserting two counts: a malicious prosecution claim pursuant to Puerto Rico law (count one),[3] and a negligence claim pursuant to the FTCA (count two). Id. at p. 17. Calderón also alludes to

---

[2] The court initially had set trial for October 11, 2012. (Case No. 12-434, Docket No. 184.)

[3] Although count one was brought "under Puerto Rico law," the Court concludes that the cause of action is brought pursuant to the FTCA, which allows the United States to be sued in accordance with the law of the place where the alleged wrongful acts occurred. 28 U.S.C. §§ 1346(b), 2674, 2675(a).

a myriad of additional claims, including: (1) intentional infliction of emotional distress, (2) negligent selection, supervision and retention of agents, employees, and informants, (3) conspiracy to deprive him of his civil rights, and (4) loss of consortium. Id. at p. 4.

In April 2016, the United States moved to dismiss the complaint, arguing that Calderón's claims were time-barred, and that the constitutional tort claims fell beyond the scope of the FTCA. (Docket No. 8.) On March 28, 2018, the Court dismissed all of Calderón's claims with prejudice, except for the malicious prosecution claim. Calderón-López v. United States, 303 F. Supp. 3d 212 (D.P.R. 2018) (Besosa, J.). The United States now moves to dismiss the malicious prosecution claim again. (Docket No. 24.)

**II. Standard of Review**

Rule 12(b) permits a party to assert defenses against claims for relief. Fed. R. Civ. P. 12. A court, nonetheless, "must construe the complaint liberally," Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996), and a complaint that adequately states a claim may still proceed even if "recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 13 (internal quotation marks and citations omitted); see Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012) ("In considering the pre-discovery

grant of a motion to dismiss for lack of standing, [courts] accept as true all well-pleaded factual averments in the plaintiff's . . . complaint and indulge all reasonable inferences therefrom in his favor.") (internal citation omitted).

Rule 12(b)(1) allows a court to dismiss a complaint when a plaintiff fails to establish subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. See Droz-Serrano v. Caribbean Records Inc., 270 F. Supp. 2d 217, 217 (D.P.R. 2003) (García-Gregory, J.) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). "As courts of limited jurisdiction, federal courts have the duty to construe their jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (Besosa, J.) (citing Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 245 (D.P.R. 1998) (Fusté, J.)).

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A court must decide whether the complaint alleges

sufficient facts to "raise a right to relief above the speculative level." Id. at 555.

## III. Applicable Law

"It is well settled that the United States, as sovereign, may not be sued without its consent." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995.) Pursuant to the FCTA, the United States consents:

> to be sued for damages for personal injury caused by 'the negligent or wrongful act or omission' of a federal employee 'while acting within the scope of his employment,' provided that in the same circumstances a private employer would be liable for the acts of his employee under the [law of the place].

Day v. Mass. Air Nat'l Guard, 167 F.3d 678, 681 (1st Cir. 1999) (quoting 28 U.S.C. §§ 1346(b), 2674, 2675(a)). The "law of the place" for purposes of the FTCA is determined by "where the alleged wrongful acts occurred." González-Rucci v. U.S. Immigration & Naturalization Serv., 405 F.3d 45, 48 (1st Cir. 2005) (holding that "Puerto Rico law provides the relevant standards for the substantive claims" pursuant to the FTCA when the alleged torts occurred in Puerto Rico). Because the United States' allegedly wrongful conduct occurred in Puerto Rico, Puerto Rico law controls. See id.[4]

---

[4] The Court construes Calderón's malicious prosecution claim "as one arising pursuant to the FTCA because this is the only alleged waiver of sovereign immunity set forth in the complaint." Calderón-López, 303 F. Supp. 3d at 225.

Malicious prosecution "permits damages for confinement imposed pursuant to legal process." Heck v. Humphrey, 512 U.S. 477, 482 (1994). To prevail on a malicious prosecution claim pursuant to Puerto Rico law, a plaintiff must establish "(1) that a criminal action was initiated or instigated by the defendants; (2) that the criminal action terminated in favor of plaintiff; (3) that defendants acted with malice and without probable cause; and (4) that plaintiff suffered damages." Díaz-Nieves v. United States, 858 F.3d 678, 688 (1st Cir. 2017) (citation omitted). With respect to the third element, a "plaintiff must show *both* that the defendant acted with malice *and* that he acted without probable cause." Id. at 688 (citation omitted).

**IV. Discussion**

As the Court found in its previous Opinion and Order, Calderón asserts sufficient factual matter to state a malicious prosecution claim pursuant to the FTCA that is plausible on its face. See Calderón-López, 303 F. Supp. 3d at 225; see also Twombly, 550 U.S. at 570; González-Rucci, 405 F.3d at 49. According to the United States, "Plaintff's claim for malicious prosecution falters on the third element because he has failed to show that officers acted without probable cause and with malice." (Docket No. 24 at p. 6.) While the United States is correct that "[g]enerally, a grand jury indictment definitively establishes

probable cause," id. (citing González-Rucci, 405 F.3d at 49), "courts have recognized an exception if law enforcement defendants wrongfully obtained the indictment by knowingly presenting false testimony to the grand jury." González-Rucci, 405 F.3d at 49 (citing cases). "Such allegations are sufficient, at the pleading stage, to rebut the presumption of probable cause established by the grand jury indictment." Id. (citation omitted).

Calderón states that DEA agents presented "maliciously and negligently obtained statements" to the grand jury because the physical description of "Calderón el de los puertos" differed from plaintiff Calderón's physical description. (Docket No. 1 at p. 6.) According to Calderón, "DEA agents falsely identified plaintiff Calderón," and the "federal agents knowingly and willfully identified Calderón as being a member of the organization engaging in illegal activities when they knew it was false" before the grand jury. (Docket No. 1 at p. 10.) Calderón asserts that "[t]he agents maliciously . . . influenced the grand jury into wrongly identifying plaintiff Calderón," and "[d]ue to . . . malice of the DEA agents acting as federal employees against plaintiff Calderón, a criminal action and indictment without probable cause was sought against him based on fabricated evidence." Id. at pp. 11 and 16.

Because Calderón alleges that the United States obtained the indictment through the use of false testimony, the Court concludes that Calderón has adequately pled facts to satisfy the third element of his malicious prosecution claim.  See González-Rucci, 405 F.3d at 49.  The parties do not dispute the other elements of Calderón's claim.  Accordingly, the Court finds that Calderón has pled a viable claim for malicious prosecution.[5]

**V. Conclusion**

For the reasons above, the United States' motion to dismiss the malicious prosecution claim is **DENIED**.  (Docket No. 24.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 10, 2018.

                                 s/ Francisco A. Besosa
                                 FRANCISCO A. BESOSA
                                 UNITED STATES DISTRICT JUDGE

---

[5] The United States' qualified immunity defense is unavailing.  See Docket No. 24 at pp. 7-11; González-Rucci, 405 F.3d at 49; cf. Aponte-Matos v. Toledo-Dávila, 135 F.3d 182, 187-89 (1st Cir. 1998) (holding that an officer is not entitled to qualified immunity in a 42 U.S.C. § 1983 action if there is an issue of fact as to whether he obtained the warrant relied upon by knowingly presenting false evidence); Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 38-39 (1st Cir. 1993) (ruling that non-state actor would not be immunized from a malicious prosecution claim by the independent prosecutor's decision to commence a criminal action if he effectively instigates the prosecution by knowingly providing false information to the authorities); Negrón-Rivera v. Rivera-Claudio, 290 n.1 (1st Cir. 2000) (similar).